UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT ALLEN,

                Plaintiff,

-against-

BELCALIS ALMANZAR (ATLANTIC RECORDINGS); EVAN SPIEGEL (CEO OF SNAPCHAT),

                Defendants.

21-CV-3838 (LTS)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that he developed the idea of "Snapchat" and seeks compensation and credit for his alleged creation. He invokes the Court's diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction.

By order dated April 30, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim and as frivolous. The Court also directs Plaintiff to show cause why he should not be barred from filing future actions IFP without leave from the Court.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are taken from Plaintiff's complaint: "At the age of 7, I spent some time in New York with my father and also my birth sister who[se] name is Belcalis Almanzar (Cardi B)." (ECF 2, at 6.) During the time Plaintiff spent with Cardi B, "he started developing artists." (*Id.*) At some point, the two of them "did CHAT about her becoming an entertainer." (*Id.*) (all caps in original). Plaintiff "explained" to Cardi B "that she needed to learn the basics first and then expand from there." (*Id.*) And "[t]hat's when the training first started between me and her." (*Id.*) Plaintiff and Cardi B worked together "for about a year." (*Id.* at 7.)

At some later point, "[a]s Plaintiff d[id] with all [his] artists that [he] developed [he] did come up with a name for which was perfect with was Snapchat." (*Id.*) "The reason for this name is because at the time one hit word was CHAT and at the current time amongst friends we would send each snap of pictures to each other." (*Id.*) "Recently," Plaintiff has "been trying to get in reach with [Cardi B] as Snapchat is worth billions in monetary value." (*Id.*)

Plaintiff also discusses in the complaint his (1) memory loss and possible causes of it; (2) experiences he had with his mother; and (3) his time at college. (*Id.*)

Plaintiff notes that he does not "look for anyone to face any form of incarnation [sic] due to these different incidents." (*Id.* at 8.) He seeks only compensation and credit for his ideas.

## DISCUSSION

**A.     Failure to State a Claim**

The Court construes Plaintiff's allegations that he created the idea behind Snapchat as seeking relief for copyright infringement. The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who

translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).

However, "copyright does not protect an idea, but only the expression of an idea." *Richard J. Zitz, Inc. v. Pereira*, 225 F.3d 646 (2d Cir. 2000) (citing *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993)); *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea[,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Williams v. Chrichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("Any similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman."); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he created any software or other tangible expression of his ideas or that he holds any copyright. The Court therefore dismisses the complaint for failure to state a claim.

**B.     Frivolousness**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to

entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claim that he created the idea of Snapchat when he was a child spending time with Cardi B, who he asserts is his sister, is baseless, particularly in light of claims Plaintiff has advanced in his numerous other complaints described below. Thus, the Court also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## C. Plaintiff's Litigation History

Plaintiff has filed twelve lawsuits in this Court since April 19, 2021, where he seeks to proceed IFP. *See Allen v. Patton*, ECF 1:21-CV-4123, 2 (S.D.N.Y. filed May 7, 2021) (complaint reasserting identical facts as asserted in *Allen v. Patton*, ECF 1:21-CV-3434, 2); *Allen v. Tenev*, ECF 1:21-CV-4119, 2 (S.D.N.Y. filed May 7, 2021) (same, and new claims involving rapper Gucci Mane); *Allen v. Finley*, ECF 1:21-CV-3840, 2 (S.D.N.Y. filed April 29, 2021) (complaint alleging that Plaintiff invented the business name "Aquafina"); *Allen v. Cole*, ECF 1:21-CV-3844, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's "time dating [Defendant Keyshia Cole] [and] . . . develop[ing] her as a R&B singer"); *Allen v. Thomas*, ECF

1:21-CV-3841, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's creation of the name "GameStop"); *Allen v. Klein*, ECF 1:21-CV-3839, 2 (S.D.N.Y. filed April 29, 2021) (complaint alleging that Plaintiff invented "Canopy Growth"); *Allen v. Patton*, ECF 1:21-CV-3468, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Amazon founder Jeff Bezos); *Allen v. Patton*, ECF 1:21-CV-3459, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Sundar Pichai of Google as a third defendant and also alleging that Plaintiff had the idea for Spotify); *Allen v. Patton*, ECF 1:21-CV-3457, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming William Wang, CEO of Vizio, as a third defendant); *Allen v. Patton*, ECF 1:21-CV-3434, 2 (S.D.N.Y. Apr. 30, 2021) (dismissed for failure to state a claim and warned that further complaints filed IFP may result in an injunction).

Given this history, the Court concludes that a filing injunction is warranted.

**D.** **Filing Injunction**

If a district court determines that a filing injunction is warranted, a court "must [first] consider five factors:

> (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York City Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005) (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23–24 (2d Cir.1986). The Court, having considered these factors, concludes that a filing injunction is warranted.

First, as noted above, Plaintiff has filed twelve lawsuits in this Court within one month. These lawsuits are substantially similar and follow the same pattern: Plaintiff claims that he

5

(1) created well-known search engines and social media platforms; and (2) socialized with – or, in this case, is related to – and mentored musical artists and tech innovators.

Second, this Court warned Plaintiff in its April 30, 2021 order in *Allen v. Patton*, that the Court may issue an order barring him filing future actions IFP without leave of court. *See id.* ECF 1:21-CV-3434, 6. Undeterred, Plaintiff signed two new complaints on May 4, 2021, and mailed those complaints to the Court. *See* ECF 1:21-CV-4123, 2; ECF 1:21-CV-4119, 2.

Third, Plaintiff is proceeding *pro se*.

Fourth, Plaintiff's submissions are burdensome to the Court, as the Court must consider and dispose of Plaintiff's claims in each submission. While the claims are substantially similar, they are not exact duplicates. For example, Plaintiff attaches different sections of his statements of facts to each complaint, and then names different defendants.

Fifth, an injunction barring Plaintiff from proceeding IFP in further actions without leave of Court would protect the Court from Plaintiff's vexatious litigation while providing Plaintiff the opportunity to file any non-vexatious complaint IFP.

**E.      Order to Show Cause**

In light of these considerations, the Court orders Plaintiff to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does

not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, brought IFP under 28 U.S.C. § 1915(b), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and as frivolous, § 1915(e)(2)(B)(i).

Within thirty days of the date of this order, Plaintiff must show cause by declaration why an order should not be entered barring him from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 17, 2021
             New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____
Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|